IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02:09 – cv – 00442 |
| ) | |
| PENNSYLVANIA STATE POLICE; ) | |
| COLONEL FRANK PAWLOWSKI, ) | |
| Commissioner of Pennsylvania State Police ) | |
| In his official capacity; MAJOR JOHN ) | |
| GALLAHER, In his individual capacity, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Presently before the Court is DEFENDANT'S PARTIAL MOTION TO DISMISS (Doc. No. 7), with brief in support filed by Defendant Major John Gallaher ("Defendant"). The issues have been fully briefed, see Plaintiff's Reply to the Defendant's Motion to Dismiss (Doc. No. 13) filed by Plaintiff Richard McDonald ("Plaintiff"); Defendant's Reply Brief in Support of Defendant's Partial Motion to Dismiss (Doc. No. 15) filed by Defendant; and Plaintiff's Sur Reply to the Defendant's Reply to the Plaintiff's Reply to the Defendants' Motion to Dismiss (Doc. No. 20), and the matter is ripe for disposition.

**Standard of Review**

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint: "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of the requirement, stating: "only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

However, nothing in *Twombly* or *Iqbal* has changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). That is, the Supreme Court did not impose a new, heightened pleading requirement, but reaffirmed that FED. R. CIV. P. 8 requires only a short, plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 552-53). Additionally, the Supreme Court did not abolish the FED. R. CIV. P. 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* (citing *Twombly*, 550 U.S. at 553). When considering a motion to dismiss, the Court may consider any "undisputably authentic documents attached as exhibits by the Defendant. *Steinhardt Group v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997) (citations omitted). Bearing in mind the plausibility standard newly established by the Supreme Court, the Court will now address Defendant's motion to dismiss.

## **Background**

As the law requires, all reasonable facts and inferences are drawn in flavor of Plaintiff, the non-moving party, and all factual allegations included in the Complaint have been accepted

as true for the purpose of this opinion. *See Steinhardt*, 126 F.3d at 145. The following background has been drawn from the complaint and undisputed documents submitted by both parties. *Id.*

The present civil rights action was commenced by Plaintiff on April 15, 2009 and alleges, *inter alia*, Due Process violations under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. Count III of the complaint (which is the subject of the present motion) is brought against Defendant Major John Gallaher, the Executive Director of the Municipal Police Officers Education and Training Commission ("MPOETC"), in his individual capacity.

Plaintiff has, throughout his career, been employed in various law enforcement capacities in the Commonwealth of Pennsylvania. Between 1989 and 2002, Plaintiff was employed by the City of Pittsburgh Bureau of Police as a uniformed officer, a member of the uniformed drug task force and as a detective in the homicide unit. As a Pittsburgh Police officer, Plaintiff was certified by MPOETC as having fulfilled the necessary training and education requirements to serve in that capacity.

Following his tenure as a Pittsburgh Police officer, Plaintiff was employed by the Commonwealth of Pennsylvania's Office of the Attorney General as a "special agent II" between 2002 and 2006. Because Plaintiff was authorized to work pursuant to the Attorney General's Act, his MPOETC certification lapsed while he worked for the Commonwealth. During his time with the Office of the Attorney General, Plaintiff suffered a work related injury, including injuries to his neck and back. As a direct result of his injuries, Plaintiff was lawfully prescribed the narcotic pain reliever Avinza.

In May 2007, the Borough of Ellwood City, Pennsylvania offered Plaintiff the position of Police Chief.  (Doc. 7-2 at 2).  The offer was made contingent upon Plaintiff being recertified by MPOETC and successfully completing a physical and psychological examination.  (*Id.*). Subsequent to the contingent offer of employment, on August 20, 2007, both Plaintiff and Ellwood City entered into an "employment agreement," in which it was stated that Plaintiff was "duly…qualified as **Chief** of Police."  (Doc. No. 13-2 at 3) (emphasis in original).  Plaintiff alleges that he subsequently commenced work as the Chief of Police for the Borough of Ellwood City subsequent to executing the employment contract dated August 20, 2007.  (Doc. No. 20).  In July 2007 and again in April 2008, the Borough of Ellwood City requested that MPOETC certify or recertify Plaintiff as a police officer in Pennsylvania.  (Doc. No. 7-2 at 4-10).

Upon both physical and psychological examination, doctors recommended by MPOETC concluded that Plaintiff was mentally and physically capable of performing the duties of police chief.  Nevertheless, in a letter addressed to the Solicitor of Ellwood City, Defendant reported that the certification had been denied due to Plaintiff's use of Avinza.  (Doc. No. 7-2 at 12-16). After the certification was refused by MPOETC, Plaintiff's request for an administrative hearing was denied by Defendant's attorney in a letter dated November 14, 2008.  Plaintiff additionally alleges that he was never informed of any appeal rights he may have had with regard to the decision by MPOETC.  Consequently, Plaintiff alleges that he has suffered lost wages, loss of earning capacity, and has been deprived of the opportunity to work in an occupation for which he is physically, emotionally, and psychologically qualified.

## Legal Analysis

The motion presently before the Court seeks dismissal of Count III of the Complaint against Defendant pursuant to FED. R. CIV. P. 12(b)(6) on the ground that Plaintiff has failed to present a claim upon which relief can be granted.  Defendant argues that Plaintiff's Due Process claim must fail on two grounds: first, the rules and regulations governing MPOETC do not provide for personal notice of the commission's decision, nor do they provide for a hearing or opportunity to appeal the decision.  Second, Defendant argues that, under the Fourteenth Amendment right to Due Process, Plaintiff has failed to plead an adequate property interest in either his right to certification or his right to continued employment.  Because there is an insufficient factual basis for the Court to determine whether a protected property right exists, or whether due process was violated, the Court finds that Defendant's motion to dismiss will be **denied** at this time.

### A.    Protected Property Interest

A federal civil rights claim arising out of 42 U.S.C. § 1983 provides plaintiffs an avenue for vindicating federal statutory and constitutional rights conferred elsewhere.  *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979)).  In order to establish liability under § 1983, a plaintiff is charged with pleading and proving that: "(1) defendant acted under color of law; (2) defendant violated plaintiff's federal constitutional or statutory rights; and (3) that violation caused injury to plaintiff."  *Speck v. City of Philadelphia*, No. 06-4976, 2007 U.S. Dist. LEXIS 55769, at *12 (E.D. Pa. Jul. 31, 2007) (citing *Elmore*, 399 F.3d at 281).  In order to prove the second element of an action under § 1983, a

plaintiff must further establish what particular constitutional or statutory rights were allegedly violated.

When a plaintiff alleges that he has been denied procedural due process under the Fourteenth Amendment, he must additionally prove: "(1) plaintiffs' interests [] fall within the *Fourteenth Amendment's* protection of life, liberty, or property; and (2) whether adequate procedural due process was accorded when plaintiff was deprived of that protected interest." *Speck*, 2007 U.S. Dist. LEXIS 55769, at *15-*16 (emphasis in original) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). In this case, Plaintiff has alleged a due process violation that resulted in the deprivation of certain property rights, specifically, the right to be certified for employment and the right to continued employment. Defendant argues that Plaintiff lacks a sufficient property interest in his job as police chief and that the claim must be denied as a matter of law.

Property interests in employment arise only when a plaintiff has "more than a unilateral expectation of continued employment … [plaintiff] must have a **legitimate entitlement** to such continued employment." *Elmore*, 399 F.3d at 282 (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)) (emphasis added). Property rights are established based on the state law governing the employment interest in question. *Speck*, 2007 U.S. Dist. LEXIS 55769 at *16. The law in Pennsylvania makes it clear that "[p]ublic employees do not have a legitimate entitlement to continued employment when [that employment] is terminable at will." *Id.* at *16-*17 (citations omitted).

However, municipal police officers under contract are not at-will employees because they cannot be terminated without a showing of 'just cause' and a hearing. *Id.* at *17. *See also* 53 Pa.

6

C.S.A. § 12638.[1]  Due to the 'just cause' requirement imposed by 53 Pa. C.S.A. § 12638, courts have found that municipal police officers possess a constitutionally protected entitlement to continued employment.  *Id.* at *18 (citing *Richardson v. Felix*, 856 F.2d 505, 509 (3d Cir. 1990)).  Courts have also been careful to distinguish between the right of a municipal police officer to continued employment and the right to certification for such employment.  *Id.*

Certifications for employment that do not automatically renew are not considered a property interest under Pennsylvania law.  As the U.S. Court of Appeals for the Third Circuit held in *Lockhart v. Matthew*, No. 02-2914, 2003 U.S. App. LEXIS 26238, at *5-*6 (3d Cir. Dec. 23, 2003), a professional license that expires after a fixed term is not considered a property interest unless it renews automatically.  The U.S. District Court for the Eastern District of Pennsylvania has gone even further, adopting the 'fixed term' requirement in a case involving MPOETC certification for a municipal police officer.  *See Speck*, 2007 U.S. Dist. LEXIS 55769, at *18-*19.  In *Speck*, the court found that there was **no constitutionally protected property interest in MPOETC certification**.  *Id.*  In cases involving municipal police officers, Pennsylvania law dictates that only continued employment (as opposed to MPOETC certification) is a constitutionally protected property right under the Fourteenth Amendment.  *See generally Speck*, 2007 U.S. Dist. LEXIS 55769, at *15-*21.  However, it follows that a municipal police officer must actually **be employed** in order to assert a claim that he is entitled to continued employment.  *See e.g. Ripkin v. Pa. State Police*, 693 A.2d 190, 193 (Pa. 1997)

---

[1] 53 Pa. C.S.A. § 12638 states, in pertinent part: "[n]o police officer or fireman, except those dismissed during probationary period, shall be removed or discharged, *except for cause*, upon written charges, and after an opportunity to be heard in his own defense."  (Emphasis added).

7

(holding that a probationary state police officer did not enjoy a property right in continued employment).

In the present case, the law is clear that Plaintiff does not have a protected property interest in certification for employment, because the MPOETC certification does not automatically renew.  *See Speck*, 2007 U.S. Dist. LEXIS 55769, at *15-*21.  Nevertheless, the *Speck* court also recognized that a municipal police officer may file suit against MPOETC for the loss of a property interest in continued employment with a police department, provided such employment was terminated because of a failure to certify.  *Speck*, 2007 U.S. Dist. LEXIS 55769, at *19-*20.  The right to sue MPOETC for loss of employment is grounded on the precept that the state may not interfere with an independent property interest that has been established by contract.  *Id*. (quoting *Wilson v. MVM, Inc.*, 475 F.3d 166, 177-78 (3d Cir. 2007) (finding that "[MPOETC] provided the cause for which plaintiffs' employers…reduced or terminated them from employment as municipal police officers.  Thus, plaintiffs have asserted a property interest protected by the *Fourteenth Amendment*.")).

In order to assert a property right in continued employment, Plaintiff must have been employed, and must have subsequently been terminated from that employment.  Because the Court has a limited scope of inquiry on a Rule 12(b)(6) motion to dismiss, it cannot be said that Plaintiff has failed to state a claim as a matter of law, as the facts alleged do indicate that Plaintiff may have had a protected property interest in continued employment with Ellwood City.  However, discovery will be required in order to determine whether Plaintiff was actually employed by Ellwood City Borough, and whether that employment was terminated as a result of MPOETC's failure to certify him.

Two documents filed with the Court raise factual questions regarding the status of Plaintiff's employment with the Ellwood City Police Department.  The first is a letter to Plaintiff from Dom Viccari, a member of the Ellwood City Borough Council.  That letter indicates that: "[a]t the special meeting of Borough Council held May 14, [2007] Council agreed to make you an offer of employment as Chief of Police…It is also **contingent upon you being recertified** and successfully completing a physical and psychological examination."  (Doc. No. 7-2 at 2) (emphasis added).  The language of this document appears to be a contingent offer of employment, which would tend to indicate that the Plaintiff was not employed at the time his recertification was denied by MPOETC.  Consequently, viewing this document in isolation, it would appear as though Plaintiff did not possess a property interest in continued employment, as his employment had yet to begin.  However, Plaintiffs have also filed with the Court what appears to be an employment agreement or contract dated August 20, 2007, between the Borough of Ellwood City and Richard L. McDonald, "Chief of Police."  *See generally* (Doc. No. 13-2).  Contained in this document is a provision stating that: "The **Borough of Ellwood City Borough**, acting by it's [sic] **Borough Council**, acknowledges that **Richard L. McDonald** has been *duly appointed and qualified as Chief of Police* of the Borough of Ellwood City's Police Department." (*Id.* at 3) (bold in original; other emphasis added).  This document, also signed by Dom Viccari as well as Plaintiff, was executed subsequent to the letter indicating that Plaintiff's employment was conditioned on his recertification.[2]  Based on the language of the alleged employment contract, it would appear as though Plaintiff was hired by Ellwood City Borough.

---

[2] The Court notes that both the letter dated May 18, 2007 (Doc. No. 7-2 at 2) and the employment agreement dated August 20, 2007 (Doc. No. 13-2 at 9) predate the two letters which denied Plaintiff's recertification, (Doc. No. 7-2 at 12-16), which were dated October 14, 2008 and November 14, 2008, respectively.

Indeed, the language indicates that Plaintiff was not only hired, but was also "duly…qualified as **Chief** of Police." (*Id.*) (emphasis in original). Additionally, Plaintiff has filed an affidavit with the Court stating that he actually commenced employment with Ellwood City prior to having been certified. (Doc. No. 20 at Ex. 1).

The existence of both the contingent letter of employment and the signed employment agreement calls into question Plaintiff's employment status and the nature of the contract between the parties. Although the language of the employment agreement appears to contradict the fact that Plaintiff had yet to be certified, a factual question remains as to whether Plaintiff was actually employed by the Borough of Elwood City at the time he was denied waiver of training and certification. Based on the affidavit filed by Plaintiff, it would appear as though he was employed by Ellwood City, although the extent and duration of such employment is not yet clear. Indeed, the extent of such employment is necessary in order to determine whether Plaintiff possessed a contractual property right to continued employment. *See Speck*, 2007 U.S. Dist. LEXIS 55769, at *15-*21. Such a determination requires more facts than are presently on the record.

In the present factual setting, Plaintiff's allegations, if taken as true, could be a basis for the recovery sought. *See Phillips*, 515 F.3d at 231. Plaintiff has alleged that he was employed by the Borough of Ellwood City, and in fact has presented a signed employment agreement that appears to support this contention. Plaintiff has further alleged that he had commenced work as police chief, but was subsequently deprived of the opportunity to work in that position. Given these facts, it is plausible that Plaintiff does have a protected property interest in his continued employment with the Ellwood City Police Department. *See Ashcroft*, 129 S. Ct. at 1950. As a

10

result of the alleged property interest created by the contract between Plaintiff and Ellwood City, Plaintiff may bring suit against a state body (such as MPOETC) for interference with such an interest, provided there was also a denial of due process. *See Speck*, 2007 U.S. Dist. LEXIS 55769, at *19-*20.

  **B.**  **Due Process Violation**

Assuming Plaintiff has a protected property interest, it remains to be seen whether Plaintiff has sufficiently pled a violation of his right to due process under the Fourteenth Amendment in order to survive the motion to dismiss. When a plaintiff has alleged the denial of a protected property interest, there is no explicit formula for that which constitutes adequate protection under the Fourteenth Amendment Due Process Clause. *Wilson*, 475 F.3d at 178 (citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). The minimum requirements for due process have historically been notice and a hearing. *Id.* (citing *Reichley v. Pa. Dep't of Agric.*, 427 F.3d 236, 247 (3d Cir. 2005). In making a determination about what due process protections are required, the Supreme Court has recognized three factors that must be weighed against each other:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335. Additionally, the U.S. District Court for the Eastern District of Pennsylvania has previously denied a motion to dismiss based solely on a Plaintiff's allegation that MPOETC did not provide him notice and a hearing. *See Speck*, 2007 U.S. Dist. LEXIS 55769, at *22.

11

In this case, Plaintiff has alleged that he was denied due process of law because of the alleged failure of MPOETC to provide personal notice, a hearing, and/or the right to appeal. Defendant counters Plaintiff's allegation by arguing that the rules and regulations governing MPOETC do not specifically state that a hearing or notice is required. Defendant then distinguishes the MPOETC rules and regulations from a number of other situations that do require such due process protections. Defendant also argues that no appeal was necessary on the basis that the decision by MPOETC was not an "adjudication" warranting an appeal.

Although the Defendant makes compelling arguments, they are insufficient to warrant dismissal of the claim at this stage of the proceeding. The alleged denial of notice and a hearing is the very ground upon which a properly pleaded due process claim stands. *See e.g. Speck*, 2007 U.S. Dist. LEXIS 55769, at *22. If the regulations governing MPOETC called for notice and a hearing, the alleged violations would be of state substantive rights, not a denial of due process. Consequently, although Defendant correctly notes that MPOETC does not have procedures for a hearing or appeal in place, pointing this fact out does not serve to rebut Plaintiff's allegations of a federal constitutional violation. It is by virtue of the alleged shortcomings in MPOETC's procedures that Plaintiff seeks recovery in this case.

Presently, Plaintiff has alleged that he was deprived of several possible due process protections. He has alleged a deprivation of the right to personal notice, the right to a hearing, and the right to appeal MPOETC's decision. Based on the facts presently before the court, Plaintiff was afforded no opportunity to be heard or to appeal, and a question remains as to whether the letters (Doc. No. 7-2 at 12-26) to the Ellwood City solicitor constituted personal

12

notice.[3]  Nevertheless, Plaintiff has pled more than mere conclusions of law and has presented sufficient facts to overcome a Rule 12(b)(6) motion.  *See Twombly*, 550 U.S. at 555.  Because Plaintiff has alleged multiple due process violations, and since Defendant fails to present any facts outlining the countervailing governmental interest in failing to provide procedural safeguards, the Court finds that it would be premature to foreclose the claim at this time.  *See Speck*, 2007 U.S. Dist. LEXIS 55769, at *22.

## **Conclusion**

In light of the fact that there are issues of fact to be resolved with respect to Defendant Gallaher, the Court finds that Defendant's Partial Motion to Dismiss will be DENIED.  An appropriate order follows.

McVerry, J.

---

[3] Under 37 Pa. Code § 203.13, which governs MPOETC certification, "[t]he Commission will supply written verification to the applicant's employing police department upon the applicant's completion of the Commission's requirements for certification as a police officer."  The Regulation requires notice to be given to the "employing police department," not necessarily the borough solicitor.  However, neither party has presented this argument, so the Court will not address it at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD McDONALD, )<br>)<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>PENNSYLVANIA STATE POLICE; )<br>COLONEL FRANK PAWLOWSKI, )<br>Commissioner of Pennsylvania State Police )<br>In his official capacity; MAJOR JOHN )<br>GALLAHER, In his individual capacity, )<br>)<br>        Defendants. ) | 02:09 – cv – 00442 |

**ORDER OF THE COURT**

**AND NOW**, this 2nd day of October 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant's Partial Motion to Dismiss with respect to Count III of the Complaint is **DENIED**.

Defendant Major John Gallaher shall file any supplemental answer to the complaint on or before October 16, 2009.

                                                            BY THE COURT:

                                                            s/Terrence F. McVerry
                                                            United States District Court Judge

cc: Timothy P. O'Brien, Esq.
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Mark J. Murphy, Esq.
Disability Rights Network of PA
1315 Walnut Street, Suite 400
Philadelphia, PA 19107

Carol Horowitz
Disability Rights Network of PA
429 Fourth Avenue, Suite 701
Pittsburgh, PA 15219

Tracey A. Wilson
Office of the Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219